UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
RAIQUAN K. FALLS,                                        :
               Plaintiff,                       :
                                                   :  **OPINION AND ORDER**
v.                                                       :
                                                   :  17 CV 1339 (VB)
ORANGE COUNTY, CITY OF NEWBURGH,                         :
MYRA RUDE, TREVOR LORD, JONATHAN                         :
SAINTICHE, WILLIAM ANDERSON, CHRIS                       :
TABACHNICK, ROMAN SCUADRONI,                             :
PATRICK BLOOMER, CARLOS CANARIO,                         :
RICARDO RIVERA, JEFFREY PEREZ, and                       :
JOHN THOMAS,                                             :
               Defendants.                      :
--------------------------------------------------------------x

Briccetti, J.:

       Plaintiff Raiquan K. Falls, proceeding pro se and in forma pauperis, brings this action under 42 U.S.C. § 1983 alleging Orange County (the "County"), the City of Newburgh (the "City"), police officers Myra Rude, Trevor Lord, Jonathan Saintiche, Chris Tabachnick, Roman Scuadroni, Patrick Bloomer, Carlos Canario, Ricardo Rivera, Jeffrey Perez, and John Thomas, and Sergeant William Anderson (collectively, the "officer defendants"), violated his Fourth, Eighth, and Fourteenth Amendment rights in connection with a September 28, 2015, arrest, detention, and subsequent legal proceedings.

       On August 17, 2017, the officer defendants answered the amended complaint. (Doc. #36).

       Now pending before the Court are two motions to dismiss the amended complaint pursuant to Rule 12(b)(6), filed separately by the City and the County (Docs. ##38, 59), and plaintiff's motion for leave to file a second amended complaint. (Doc. #65).

       For the reasons set forth below, defendants' motions are GRANTED, and plaintiff's motion is DENIED.

1

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

For purposes of ruling on a motion to dismiss, the Court accepts all factual allegations in the amended complaint as true and draws all reasonable inferences in plaintiff's favor, as summarized below.[1]

On September 28, 2015, plaintiff was standing on a street corner when two police officers exited a patrol car and approached him. An "information" submitted with plaintiff's complaint indicates one of the two officers was Myra Rude, who was investigating a complaint regarding plaintiff's possession of a firearm. (Compl. at 10).[2]

Rather than answer questions, plaintiff "took these . . . officers on a foot pursuit," but "more officers came to the scene" and apprehended him. (Compl. at 3). Allegedly, several of the officer defendants then beat plaintiff for about five minutes, while the other officer defendants searched the surrounding area for weapons. No weapons were found.

Plaintiff was taken to the Newburgh police station, and charged with resisting arrest and obstructing governmental administration. Plaintiff was strip searched at the station, but "nothing was recovered from [his] person." (Compl. at 3). According to plaintiff, his arrest was without probable cause.

On September 29, 2015, plaintiff was arraigned before Judge Loren Williams in the Newburgh City Court. Plaintiff's bail was set at $5,000, and he was remanded to the Orange

---

[1] In addition to the amended complaint, the Court has reviewed and considered plaintiff's complaint (Doc. #2), and opposition to defendants' motions to dismiss. (Doc. #65).

[2] As used herein, "Compl. at __" refers to the Court's electronic case filing system page number stamped at the top of each page of the complaint and its attachments, all of which are filed together as a single document.

2

County Jail. After a hearing on October 15, 2015, plaintiff was released on his own recognizance.

On March 7, 2016, plaintiff was granted an adjournment in contemplation of dismissal, and the charges against him were subsequently dismissed.

**DISCUSSION**

I.   Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Id. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

The Court must liberally construe submissions of pro se litigants, and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation and citation omitted). Applying the

pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation and citation omitted). Nor may the Court "invent factual allegations" plaintiff has not pleaded. Id.

II. Monell Claims

The County and the City argue plaintiff's claims against them must be dismissed because plaintiff fails to state a Monell claim. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). The Court agrees.[3]

A. Legal Standard

Under Monell, a municipality is liable under Section 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [plaintiff's] injury." Monell v. Dep't of Soc. Servs., 436 U.S. at 694. Thus, to assert a Section 1983 claim against the County or the City,

---

[3] Defendants do not address plaintiff's potential state law claims. Nevertheless, the Court notes that plaintiff fails to state a claim under New York law for malicious prosecution, false arrest, or false imprisonment.

Under New York law, a malicious prosecution claim requires a favorable termination of the underlying proceeding. An adjournment in contemplation of dismissal, such as plaintiff received here, does not qualify as a favorable termination. See Smith-Hunter v. Harvey, 95 N.Y.2d 191, 197 (2000).

Plaintiff's state law false arrest and false imprisonment claims accrued when he was released from custody, and are subject to a one-year-and-ninety-day statute of limitations. See N.Y. General Municipal Law § 50-i; Bellissimo v. Mitchell, 122 A.D.3d 560, 560 (2d Dep't 2014). Because plaintiff did not initiate this action until February 22, 2017, more than one-year-and-ninety-days after his October 15, 2015, release from custody, his false arrest and false imprisonment claims are time-barred.

4

plaintiff must show the existence of an official policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Jones v. Town of E. Haven, 691 F.3d 72, 80 (2d Cir. 2012).

A plaintiff may satisfy the "policy or custom" requirement by alleging one of the following: (i) "a formal policy officially endorsed by the municipality"; (ii) "actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question"; (iii) "a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware"; or (iv) "a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees." Brandon v. City of New York, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010).

"While Monell claims are not subject to a 'heightened' pleading standard beyond that defined in Rule 8(a)(2), such claims nevertheless must meet the plausibility requirements of Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 572 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009)." Guzman v. United States, 2013 WL 5018553, at *4 (S.D.N.Y. Sept. 13, 2013) (quoting Leatherman v. Tarrant Cty. Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993)).[4] "In other words, boilerplate allegations will not suffice." Id. (internal quotation omitted). "[T]he allegations [a defendant] acted pursuant to a 'policy,' without any facts suggesting the policy's existence, are plainly insufficient." Missel v. Cty. of Monroe, 351 F.

---

[4] Because plaintiff is proceeding pro se, he will be provided with copies of all unpublished opinions cited in this ruling. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

5

App'x 543, 545–46 (2d Cir. 2009) (summary order) (citing Dwares v. City of New York, 985 F.2d 94, 100–02 (2d Cir. 1993)).

B. Application

With respect to the County, plaintiff's complaint, amended complaint, and opposition to defendants' motions to dismiss make no reference to an official policy or custom. Nor does plaintiff reference how such official policy or custom caused his injury, or deprived him of a constitutional right.

Accordingly, plaintiff's Monell claim against the County must be dismissed.

With respect to the City, plaintiff makes more fulsome allegations. Nevertheless, many of plaintiff's allegations are too conclusory to state a claim. See Opp'n at 2 (The City has "de facto policies, practices and . . . customs" including "use of excessive force when effectuating arrests," "failure to take corrective action to address repeated complaints," and "failure to train, supervise and . . . discipline their officers to prevent further violations of arrestee's constitutional rights.").[5]

However, plaintiff further asserts the City has "been aware for years . . . that many of their officers lack the objectivity, temperament, maturity and discretion to be members of their respective police department and are improperly trained with respect to laws and regulations regarding the use of force when effectuating arrests." (Opp'n at 2). In support of his assertion, plaintiff states the City "has an extensive history of lawsuits and other complaints alleging

---

[5]     The City argues the Court should not consider allegations made for the first time in plaintiff's motion papers. Because plaintiff is proceeding pro se, "it is appropriate . . . to consider factual allegations made in [his] opposition papers, so long as the allegations are consistent with the complaint." Kelley v. Universal Music Grp., 2016 WL 5720766, at *6 (S.D.N.Y. Sept. 29, 2016). Thus, the Court will consider allegations made for the first time in plaintiff's opposition, to the extent they are consistent with the allegations in plaintiff's amended complaint.

similar incidents" and provides the names and docket numbers of nine lawsuits filed against the City between 2006 and 2013. (Id. at 3).

Plaintiff's allegations plainly do not identify a formal policy officially endorsed by the City, or actions taken by government officials responsible for establishing municipal policies. Thus, the first and second theories of Monell liability do not apply.

To the extent plaintiff seeks to establish a Monell claim against the City under the third or fourth theories of liability, his allegations are insufficient.

Setting aside conclusory statements regarding the City's "de facto" policies, plaintiff principally supports his claim by reference to the prior lawsuits. Plaintiff provides scant information about these lawsuits, but it is clear from the public dockets there is no commonality between the defendant police officers named in those actions, and the officer defendants complained of in this action.[6] As such, the earlier lawsuits are of questionable relevance to plaintiff's claims here.

It is also clear none of the earlier lawsuits resulted in an adjudication or admission of a liability. Thus, they "involve[d] something less (settlements without admissions of liability and unproven allegations) than evidence of misconduct." Collins v. City of New York, 923 F. Supp. 2d 462, 479 (E.D.N.Y. 2013).

Moreover, nine lawsuits over seven years is inadequate to allege plausibly a municipal "custom" of using excessive when effectuating arrests. See, e.g., Calderon v. City of New York, 138 F. Supp. 3d 593, 613 (S.D.N.Y. 2015) (Plaintiff failed to allege a municipal custom, because

---

[6] The Court may take judicial notice of public records. See Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004) (The Court "may also look to public records . . . in deciding a motion to dismiss.").

7

"[n]one of the lawsuits cited resulted in an adjudication or admission of liability and [16] suits does not suggest a pervasive illegal practice."); Tieman v. City of Newburgh, 2015 WL 1379652, at *17 (S.D.N.Y. Mar. 26, 2015) ("[A]llegations of thirteen instances of excessive force during arrests over four [or five] years (none of which involved findings or admissions of culpability) during which hundreds, if not thousands, of arrests were made does not plausibly demonstrate that the use of excessive force during arrest was so frequent and pervasive to constitute a custom.").

Accordingly, plaintiff fails to state a claim under the third theory of Monell liability.

To state a claim under the fourth theory of Monell liability, plaintiff must allege a failure to train, supervise, or discipline that amounts to deliberate indifference. "[D]eliberate indifference may be inferred where the need for more or better supervision to protect against constitutional violations was obvious, but the policymaker fail[ed] to make meaningful efforts to address the risk of harm to plaintiffs." Cash v. Cty. of Erie, 654 F.3d 324, 334 (2d Cir. 2011) (internal quotations and citation omitted).

Here too, plaintiff's allegations fall short. A litany of prior lawsuits may suffice to put the City on notice that greater training, supervision, or officer discipline was needed, but plaintiff makes only conclusory allegations regarding the City's response to the lawsuits.

It is not clear from plaintiff's complaint whether the City determined the officers' conduct was unlawful. Further, as set forth above, none of the cited lawsuits resulted in an adjudication of admission of liability. Thus, there is no basis for the Court to assess whether the City made "meaningful efforts" to prevent unconstitutional officer conduct. See, e.g., Tieman v. City of Newburgh, 2015 WL 1379652, at *21 ("There is no basis for the Court to conclude that Plaintiff plausibly alleged that the past conduct was actually unconstitutional, and therefore it

would not be deliberately indifferent of the City to fail to punish police officers for conduct that was not improper or that they did not commit.).

Accordingly, plaintiff's Monell claim against the City also must be dismissed.

III.     Leave to Amend

Plaintiff seeks leave to file a second amended complaint. (Doc. #65).

Rule 15(a)(2) instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15(a) is warranted with respect to pro se litigants who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000) (quoting Satchell v. Dilworth, 745 F.2d 781, 785 (2d Cir. 1984)). District courts "should not dismiss [pro se complaints] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)).

However, leave to amend may "properly be denied for . . . 'futility of amendment.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). This is true even when plaintiff is proceeding pro se. See Martin v. Dickson, 100 F. App'x 14, 16 (2d Cir. 2004) (summary order).

Here, reading the complaint liberally, the Court does not find any allegations that suggest plaintiff has a valid Monell claim he has merely "inadequately or inartfully pleaded" and therefore should be "given a chance to reframe." Cuoco v. Moritsugu, 222 F.3d at 112. On the contrary, the Court finds that repleading would be futile, because the problems with plaintiff's complaint are substantive, and supplementary and/or improved pleading will not cure its deficiencies. See id.

Moreover, because the individual officer defendants answered the amended complaint (Doc. #36), plaintiff's claims against the officer defendants are proceeding. To the extent plaintiff is entitled to relief, it can be obtained from the officer defendants if plaintiff is successful in proving his claims.

Granting plaintiff leave to amend as against the County and the City would likely result in renewed motions to dismiss from those defendants, causing further delay to the progress of plaintiff's case. In light of the Court's finding that repleading would be futile, such delay would be unwarranted and contrary to the interests of justice.

Accordingly, plaintiff's motion for leave to file a second amended complaint is denied.

## CONCLUSION

Defendants' motions to dismiss are GRANTED. (Doc. #38, 59)

Plaintiff's motion for leave to file a second amended complaint is DENIED. (Doc. #65).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to terminate the pending motions (Docs. ##38, 59, 65), and terminate defendants Orange County and the City of Newburgh.

Dated: February 2, 2018
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge